[Cite as *LexisNexis v. Hudia*, 2018-Ohio-4046.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LEXISNEXIS A DIVISION OF RELX, INC. | : | |
| | : | |
| | : | Appellate Case No. 28012 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 17-CV-1900 |
| v. | : | |
| | : | (Civil Appeal from |
| JEREMY HUDIA | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of October, 2018.

. . . . . . . . . .

ANDREW C. STORAR, Atty. Reg. No. 0018802, MICHAEL W. SANDNER, Atty. Reg. No.
0064107, and MICHELLE T. SUNDGAARD, Atty. Reg. No. 0096006,  2700 Kettering
Tower, Dayton, Ohio 45423
        Attorneys for Plaintiff-Appellee

JEREMY HUDIA, Atty. Reg. No. 0088052, 12864 Heath Road, Chesterland, Ohio 44026
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Jeremy Hudia appeals from the trial court's entry of summary judgment against him on LexisNexis' complaint alleging breach of contract for non-payment under a subscription agreement.

{¶ 2} Hudia advances four assignments of error. First, he contends the trial court erred in taking judicial notice of a fact based on an Internet search rather than relying on evidence submitted by the parties. Second, he claims the trial court erred in failing to construe evidence in his favor when ruling on LexisNexis' summary judgment motion. Third, he asserts that the trial court erred in failing to rule that he acted as a "pre-incorporation promoter." Fourth, he argues that the trial court erred in failing to sustain his competing summary judgment motion.

{¶ 3} The record reflects that Hudia signed a subscription agreement with LexisNexis for online legal-research services in July 2012. Payments on the account fell into arrears, and LexisNexis sued him personally in April 2017 to recover the balance owed. The only real dispute below concerned whether Hudia was liable under the subscription agreement or whether the law firm of "Jeremy Hudia Attorney at Law LLC" was solely responsible for the delinquent payments.

{¶ 4} LexisNexis moved for summary judgment in October 2017. It presented evidence that Hudia had executed the subscription agreement, that the account had fallen in arrears, and that the amount owed was $4,544.38 plus interest and attorney fees. A copy of the subscription agreement accompanied LexisNexis' motion. The agreement identified the subscriber as "Jeremy Hudia, Attorney at Law." It was signed "Jeremy Hudia." A "customer information" page completed by Hudia identified the "organization

name" as "Jeremy Hudia Attorney at Law." He self-identified his organization by check-marking a box labeled "law firm". Although the instructions permitted him to mark all applicable boxes, he did not mark boxes for "private corporation," "sole proprietor," or "partnership/LLC."

{¶ 5} On November 1, 2017, Hudia filed a combined response to LexisNexis' motion and a summary judgment motion of his own. In support, he argued that the subscription agreement was between LexisNexis and a limited-liability company identified as "Jeremy Hudia, Attorney at Law." He noted that the "customer information" page identified his organization as a law firm. He also cited internal correspondence from LexisNexis that called him a "solo LLP."

{¶ 6} In its November 8, 2017 reply brief, LexisNexis presented evidence to establish that Hudia did not incorporate his law practice as a limited-liability company until February 2013. Therefore, LexisNexis argued that when the subscription agreement was executed in July 2012, "Jeremy Hudia, Attorney at Law" was not, and could not have been, an entity separate and distinct from Jeremy Hudia personally. That being so, LexisNexis maintained that its July 2012 agreement was with Jeremy Hudia, who simply was doing business as "Jeremy Hudia, Attorney at Law." Accompanying LexisNexis' reply was a copy of the "Articles of Organization for a Domestic Limited Liability Company" that Hudia had filed with the Ohio Secretary of State. LexisNexis also included a copy of a certificate issued by the Ohio Secretary of State for "Jeremy Hudia Attorney at Law LLC." The certificate was signed on February 11, 2013. The actual Articles of Organization that Hudia had submitted to the Secretary of State also were file-stamped February 11, 2013.

{¶ 7} Hudia sought and received permission to file a surreply to address

LexisNexis' argument about the date he incorporated his law practice. In his November 30, 2017 surreply, Hudia argued that the February 11, 2013 date on the certificate signed by the Secretary of State did not represent the date that he had filed his Articles of Organization. Hudia claimed that LexisNexis had failed to present any evidence establishing when he had filed his Articles of Organization, which was the relevant date for determining when his limited-liability company came into existence.

{¶ 8} More than three months after filing his surreply, Hudia filed a March 6, 2018 affidavit attempting to address his Articles of Organization. Therein, he asserted that, to "the best of [his] recollection," he had submitted the Articles to the Ohio Secretary of State sometime "in the year 2012." LexisNexis moved to strike the affidavit on the basis of untimeliness and for other reasons.

{¶ 9} In an April 30, 2018 ruling, the trial court sustained LexisNexis' motion to strike Hudia's affidavit on the basis of untimeliness.[1] The trial court also sustained LexisNexis' summary judgment motion and overruled Hudia's competing motion. With regard to Hudia's personal liability under the subscription agreement, the trial court reasoned:

> * * * While the Subscription Agreement and Addendum were signed by Hudia as "Jeremy Hudia Attorney at Law," the Court finds that the forgoing was not a distinct entity, but rather a name under which Hudia did business as a sole proprietor. The evidence further shows that Hudia breached the contract by failing to make monthly payments. Finally, the

---

[1] On appeal, Hudia has not challenged the trial court's ruling on the motion to strike. Therefore, we will not consider the contents of the affidavit.

evidence shows damage to LexisNexis, in the amount of the sum of the delinquent payments and the remaining payments, $4,544.38. Based on the foregoing, the Court finds that LexisNexis has properly supported its Motion for Summary Judgment, and the burden shifts to Hudia to show that there is a genuine issue of material fact that precludes summary judgment for LexisNexis or, alternatively, to show that there are no genuine issues of material fact and that he is entitled to summary judgment.

In opposition to LexisNexis' Motion for Summary Judgment, and in support of his own motion, Hudia argues that the contract was not between LexisNexis and himself, but rather between LexisNexis and Jeremy Hudia Attorney at Law LLC. As an initial matter, the Court observes that neither LexisNexis nor Hudia refers to Hudia as an LLC in the Subscription Agreement and Addendum. Further, and more importantly, Jeremy Hudia Attorney at Law LLC *did not exist* when Hudia signed the documents. R.C. 1705.04(A) provides that "[t]he legal existence of [a limited liability company] begins upon the filing of the articles of organization or on a later date specified in the articles of organization that is not more than ninety days after the filing." Here, the Secretary's website represents that the "original filing date" of the Articles of Organization was February 11, 2013 and the copy of the Articles of Organization available on the website is file-stamped February 11, 2013. Thus, even if the Court were to consider the self-serving statements in the Hudia Affidavits, the fact would remain that the Articles of Organization were filed with the Secretary on February 11, 2013—*several*

***months after*** Hudia signed the Subscription Agreement and Addendum.

Based on the foregoing, the Court finds that there are no genuine issues of material fact and that LexisNexis is entitled to judgment as a matter of law. * * *

(Emphases sic). (Doc. # 35 at 5-6).

**{¶ 10}** In his first assignment of error, Hudia contends the trial court erred in relying on the Ohio Secretary of State's website to conclude that his limited-liability company came into existence on February 11, 2013. Rather than taking judicial notice of the website, Hudia argues that the trial court should have confined itself to the parties' summary judgment evidence, which included the Articles of Organization and the corresponding certificate issued by the Ohio Secretary of State. In relevant part, he asserts:

The lower court interpreted the state website as if it were saying the actual date Hudia filed the documents was February 11, 2013. Although the website can be interpreted that way, the actual certified forms are not consistent with that interpretation of the website. The certified documents show Hudia did not pay to have the filing expedited. If the lower court is correct, and Hudia filed his documents on February 11, 2013, the state would have reviewed, approved, and certified the documents the day they were filed, even though they were not processed on an expedited basis.

The actual certified forms show there is a reasonable dispute regarding whether the forms were filed on February 11th or whether that was the date the Secretary of State reviewed and certified the forms.

Because it was the trial court, and not LexisNexis, that cited the website, Hudia had no opportunity in the lower court to argue whether the website provides either a brief summary of filings or a specific and separate finding of fact that Hudia filed documents on February 11, 2013. Presumably, the website can only compile information from the formal, certified documents, which do not provide a clear filing date. The information on the website is subject to reasonable dispute, and the lower court erred in taking judicial notice of facts from the website.

(Footnotes omitted) (Appellant's brief at 8).

{¶ 11} Upon review, we find Hudia's argument to be unpersuasive. He concedes that the Secretary of State's website "can be interpreted" as showing that he filed his Articles of Organization on February 11, 2013. But no interpretation is required. The website *explicitly states* that he filed his Articles of Incorporation on that date. *See* Ohio Secretary of State, https://businesssearch.sos.state.oh.us/?=businessDetails/2173058 (accessed Oct. 2, 2018). We conclude that a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice, and the better practice would have been for the trial court to notify the parties that it intended to take judicial notice from the website before doing so. Evid. R. 201(E). Alternatively, perhaps Hudia should have disputed this noticed fact in the trial court "after judicial notice has been taken" as also permitted by the rule. *Id.* Nonetheless, assuming, purely arguendo, that the trial court should not have consulted the Ohio Secretary of State's website,[2] in our de novo review we observe that

---

[2] *But see Stumpff v. Harris*, 2d Dist. Montgomery No. 23354, 2010-Ohio-1241, *8 ("We take judicial notice, however, that [the appellant's business] remains listed as an active corporation on the Ohio Secretary of State's web site.").

the actual Articles of Organization accompanying LexisNexis' summary judgment motion establish the same thing. Those Articles, which Hudia had submitted to the Ohio Secretary of State, bear a file-stamped date of "2013 FEB 11   PM 12:01." In light of this uncontroverted evidence, we disagree with Hudia's claim that his certified forms are inconsistent with the trial court's interpretation of the website. The record contains no evidence supporting a contrary conclusion or demonstrating a genuine issue of material fact on the question. Hudia's argument in the trial court that he submitted the Articles at some ethereal date in 2012 creates no genuine issue about when the Articles were "filed." The "legal existence of the corporation begins upon the filing of the articles" unless a later date is specified. R.C. 1701.04(D)

{¶ 12} Because the record contains uncontroverted evidence that Hudia's Articles of Organization were filed on February 11, 2013, the trial court correctly concluded as a matter of law that "Jeremy Hudia Attorney at Law LLC" did not exist in July 2012 when the parties entered into their subscription agreement. Therefore, the trial court correctly concluded that when Hudia signed the agreement as "Jeremy Hudia" or "Jeremy Hudia, Attorney at Law," he was doing so in his individual capacity. The first assignment of error is overruled.

{¶ 13} In his second assignment of error, Hudia contends the trial court erred in failing to construe the documents certified by the Ohio Secretary of State in his favor when ruling on LexisNexis' summary judgment motion. In support, he merely repeats the issues addressed above. He reasons that his Articles of Organization reasonably could not have been filed with the Secretary of State on February 11, 2013 because they were certified

by the Secretary of State that same day.

{¶ 14} Although Hudia finds it implausible that the Articles of Organization were filed and certified on the same day without being expedited, the summary judgment evidence establishes that such a scenario did occur. As set forth above, the Articles of Organization bear a file-stamped date of "2013 FEB 11." The corresponding certificate issued by the Secretary of State bears the same date. Construing this uncontroverted evidence in Hudia's favor leads us to conclude that Hudia in fact did file his Articles of Organization on February 11, 2013. It is not self-evident that the Articles could not have been filed and certified on the same day, and the record contains no evidence demonstrating a genuine issue of material fact with regard to the file-stamped date on the Articles that Hudia filed with the Secretary of State. Therefore, we again see no error in the trial court's determination that "Jeremy Hudia Attorney at Law LLC" did not exist in July 2012 when the parties entered into their subscription agreement. The second assignment of error is overruled.

{¶ 15} In his third assignment of error, Hudia contends the trial court erred in failing to hold that he acted as a pre-incorporation promoter when he signed the subscription agreement. Even if no limited-liability company existed when he signed the agreement, Hudia claims the trial court should have found him no longer liable under the agreement after the formation of "Jeremy Hudia Attorney at Law LLC." In support, he reasons that the agreement was only an agreement with the soon-to-be-formed limited-liability company and not with him personally. That being so, he reasons that his potential liability terminated after the company was formed and it adopted the agreement and began performing thereunder.

{¶ 16} Upon review, we note that Hudia never raised the foregoing argument in the trial court. As set forth above, he insisted in opposition to summary judgment that the original parties to the subscription agreement were LexisNexis and Jeremy Hudia Attorney at Law LLC. He did not assert that he acted personally but that his liability under the agreement was extinguished after his law firm incorporated. LexisNexis countered Hudia's opposition to summary judgment with evidence proving that the limited-liability company did not exist when the subscription agreement was executed. In his surreply, Hudia still did not profess to have been a pre-incorporation promoter whose liability was extinguished after creation of the limited-liability company. Rather, he continued to insist that the subscription agreement was between LexisNexis and Jeremy Hudia Attorney at Law LLC. In fact, he *conceded* that LexisNexis would be entitled to summary judgment if the trial court found that the subscription agreement was with him personally. (Doc. # 29 at 4). Because Hudia never asked the trial court to find that he acted individually only as a corporate promotor whose liability later was extinguished, the trial court did not err in failing to do so. Hudia has waived that issue on appeal by failing to raise it at any time below. *See Freedom Mtge. Corp. v. LeBlanc*, 2d Dist. Montgomery No. 25119, 2012-Ohio-5100, ¶ 12 (declining to consider the appellant's argument that a novation relieved him of liability under a note where such an argument was "[c]ompletely absent from his brief in opposition to summary judgment" in the trial court).

{¶ 17} In any event, Hudia's argument also fails on the merits. "[A] corporation, which is incapable of authorizing an agreement made on its behalf prior to its existence, may nevertheless adopt the agreement after its incorporation. Adoption may be manifested by the corporation's receipt of the contract's benefits with knowledge of its

terms." *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 522, 639 N.E.2d 771 (1994).

{¶ 18} But even where a corporation may be liable for the breach of an agreement executed on its behalf by a pre-incorporation promoter, it does not follow that the promoter necessarily is relieved of liability. "[T]he promoters of a corporation are at least initially liable on any contracts they execute in furtherance of the corporate entity prior to its formation." *Id.* at 523. "Formation of the corporation following execution of the contract is a prerequisite to any release of the promoters from liability arising from the pre-incorporation agreement," but formation of the corporation, alone, is not sufficient. *Id.* "[W]here a corporation, with knowledge of the agreement's terms, benefits from a pre-incorporation agreement executed on its behalf by its promoters, the corporation and the promoters are jointly and severally liable for breach of the agreement unless the agreement provides that performance is solely the responsibility of the corporation or, subsequent to the formation of the corporate entity, a novation is executed whereby the corporation is substituted for the promoters as a party to the original agreement." *Id.* at 525.

{¶ 19} Here the subscription agreement does not specify that performance thereunder is solely the responsibility of "Jeremy Hudia Attorney at Law LLC." The agreement does not mention the then-non-existent company at all, and Hudia signed the agreement simply as "Jeremy Hudia" or "Jeremy Hudia, Attorney at Law." Nor does the record contain any evidence of a novation in which the company agreed to assume responsibility under the agreement and LexisNexis agreed to release Hudia from liability thereunder. *See Williams v. Ormsby*, 131 Ohio St.3d 427, 2012-Ohio-690, 966 N.E.2d 255, ¶ 18 (recognizing that a novation requires evidence of a "clear and definite intent on

the part of all the parties to the original contract to completely negate the original contract and enter into the second"). For the foregoing reasons, we would reject Hudia's argument about acting as a corporate promoter even if it were properly before us. The third assignment of error is overruled.

{¶ 20} In his fourth assignment of error, Hudia contends the trial court erred in overruling his summary judgment motion. Having determined above, however, that the trial court properly entered summary judgment in favor of LexisNexis, we conclude that it did not err in overruling Hudia's competing motion. Accordingly, the fourth assignment of error is overruled.

{¶ 21} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Andrew C. Storar
Michael W. Sandner
Michelle T. Sundgaard
Jeremy Hudia
Hon. Steven K. Dankof